IN THE COURT OF COMMON PLEAS OF
HAMILTON COUNTY OHIO

| | | |
|---|---|---|
| AMY JACKSON,<br>118 Dave Ave. Apt. #306<br>Lebanon, OH 45036 | : | CASE NO. |
| | : | JUDGE: |
| Plaintiff, | : | |
| v. | : | |
| RELIANCE CONSTRUCTION<br>SERVICES LLC<br>1546 Dixmont Ave.<br>Cincinnati, OH 45207 | : | **COMPLAINT**<br><br>**WITH JURY DEMAND** |
| STATUTORY AGENT:<br>DAVID F. CHAMBERS<br>1546 Dixmont Ave.<br>Cincinnati, OH 45207 | : | |
| Defendant. | | |

Now comes Plaintiff Amy Jackson by and through her attorneys for her Complaint against Defendant Reliance Construction Services LLC and states as follows:

**I.**      **INTRODUCTION AND PARTIES**

     1.      Plaintiff is an Ohio resident who resides at 118 Dave Ave., Apt. #306, Lebanon, OH 45036.

     2.      Defendant is an Ohio limited liability company with its principle place of business located at 1546 Dixmont Ave., Cincinnati, OH 45207.

     3.      At all times relevant to the Complaint, Plaintiff was an "employee" of Defendant as defined by 29 U.S.C. § 203(e)(1) and Ohio Rev. Code § 4111.03(D)(3), and

1

Defendant was an "employer" as defined by 29 U.S.C. § 203(d) and Ohio Rev. Code § 4111.03(D)(2).

4. Plaintiff seeks to recover her damages (actual, compensatory, statutory, liquidated, and punitive), and attorney's fees and costs associated with this action based on violations of the Fair Labor Standards Act and Ohio statutory and common law that occurred during the course of Plaintiff's employment with Defendant.

II. **VENUE AND JURISDICTION**

5. Jurisdiction and venue are appropriate in this Court pursuant to Ohio Civ. R. 3(C) because Hamilton County is the venue in which Defendant has its principle place of business and/or in which Defendant conducted activity that gave rise to the claim for relief

6. The parties entered into a tolling agreement commencing on July 9, 2020 and ending September 9, 2020 that tolled and suspended all unexpired applicable statute of limitations as to any and all claims Plaintiff may have against Defendant in connection with, related to, or arising under her employment with the Company during the period of time of the tolling agreement.

III. **FACTUAL BACKGROUND**

A. **Plaintiff's FLSA and Ohio Wage/Unjust Enrichment Claims**

7. Plaintiff became an employee of Defendant in approximately January 2016. Her employment with Defendant ceased in approximately December 2017. She became reemployed as a full-time employee for Defendant in approximately May 2018. Plaintiff was terminated from her employment on March 14, 2020.

8. Plaintiff was paid on an hourly basis. Sometimes she was paid $15/hour, sometimes she was paid $18/hour, and sometimes she was paid $20/hour.

9. Throughout the course of her employment, Plaintiff routinely worked more than forty hours in a workweek.

10. Not only did Defendant fail to pay Plaintiff for all hours worked, but Defendant also failed to pay her time and one half for hours she worked over forty in a workweek.

### B. Plaintiff's Wrongful Termination Claim

11. In late February of 2020, David Chambers, owner, told Plaintiff he intended to renovate a new office space Defendant had obtained. The new office space was a house built in 1921.

12. After beginning renovations, there was dust and debris all over the office space. Plaintiff worked in these conditions without being provided a mask or any personal protective equipment, despite requests for this equipment. Plaintiff felt ill after working in the office space during renovations.

13. Plaintiff explained to Mr. Chambers she had concerns regarding her health and safety due to the renovations, including concerns about whether there was lead, mold, and/or asbestos in the office space that was not being properly handled by Defendant.

14. Defendant refused to provide Plaintiff with any personal protective equipment, and would not allow Plaintiff to work from home during the renovations.

15. After approximately a week of working in these conditions, Plaintiff told Mr. Chambers she intended to contact OSHA regarding her unsafe and unhealthy working conditions. Mr. Chambers told Plaintiff if she did not like what he was doing she should quit her job.

16. Defendant fired Plaintiff on March 14, 2020. Plaintiff filed a complaint with OSHA shortly after her termination.

### C. Plaintiff's Breach of Contract Claim

17. Throughout the course of her employment with Defendant, and at other times, Plaintiff routinely lent the Defendant money to assist Defendant with its business operations. Plaintiff also spent her own personal money to make purchases on behalf of Defendant's business operations. Defendant agreed to reimburse Plaintiff for all amounts spent on behalf of, or loaned to, Defendant.

18. To date, Defendant has failed to repay Plaintiff for all amounts Plaintiff loaned to, or spent on behalf of, Defendant, in breach of the agreement.

### COUNT I
### FAILURE TO PAY FOR OVERTIME
### (Violation of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03)

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Throughout the course of her employment, Defendant routinely failed to pay Plaintiff for all hours worked, and also failed to pay Plaintiff one and one half of her regular hourly rate for hours worked in excess of forty per workweek.

21. Plaintiff regularly worked more than forty hours in a workweek.

22. Defendant's actions were intentional, willful, malicious and/or in reckless disregard of Plaintiff's rights, and as a result, Plaintiff has been harmed.

### COUNT II
### FAILURE TO MAINTAIN PROPER RECORDS
### (Violation of 29 C.F.R. § 516.2)

4

23. Plaintiff incorporates by reference the allegations contained in paragraph 1 through 22 of this Complaint as if fully set forth therein.

24. Pursuant to 29 C.F.R. § 516.2, Defendant is required to maintain and preserve payroll or other records containing, among other things, Plaintiff's regularly hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA, the hours worked each workday and total hours worked each workweek, and the total premium pay for overtime hours.

25. Upon information and belief, Defendant has failed to maintain these records for Plaintiff's employment.

26. Defendant's actions were intentional, willful, malicious and/or in reckless disregard of Plaintiff's rights, and as a result, Plaintiff has been harmed.

**COUNT III**
**FAILURE TO MAINTAIN RECORDS**
**(Violation of Ohio Rev. Code § 4111.08)**

27. Plaintiff hereby incorporates Paragraph 1 through 26 of the Complaint as if fully reinstated herein.

28. Pursuant to Ohio Rev. Code § 4111.08, Defendant is required to make and keep for a period of not less than three years a record of, among other things, the hours worked each day and each workweek by the Plaintiff.

29. Upon information and belief, Plaintiff has failed to maintain these records for Plaintiff's employment.

30. Defendant's actions were intentional, willful, malicious and/or in reckless disregard of Plaintiff's rights, and as a result, Plaintiff has been harmed.

E-FILED 09/09/2020 01:05 PM  /  CONFIRMATION 983348  /  A 2003141  /  COMMON PLEAS DIVISION  /  IFOJ

## COUNT IV
## FAILURE TO PROMPTLY PAY WAGES
### (Violation of Ohio Rev. Code § 4113.15)

31. Plaintiff hereby incorporates Paragraph 1 through 30 of the Complaint as if fully reinstated herein.

32. Pursuant to Ohio Rev. Code § 4113.15, Plaintiff was entitled to payment for all wages owed within 30 days of her regularly scheduled pay day.

33. To date, Plaintiff has not received all wages owed to her has an employee of Defendant.

34. It has been more than 30 days since Plaintiff's last regularly scheduled pay day.

35. Defendant's actions were intentional, willful, malicious and/or in reckless disregard of Plaintiff's rights, and as result, Plaintiff has been harmed.

## COUNT V
## UNJUST ENRICHMENT
### (Violation of Ohio common law)

36. Plaintiff hereby reincorporates Paragraphs 1 through 35 of the Complaint as if fully reinstated herein.

37. Plaintiff conferred a benefit upon the Defendant by working for Defendant.

38. Defendant knew of the benefit.

39. Defendant retained the benefit without payment of wages and overtime to Plaintiff.

40. Retention of the benefit by Defendant without payment is unjust.

41. Plaintiff should receive compensation to which Plaintiff is entitled in equity, and Defendant should not be unjustly enriched by its nonpayment of wages to Plaintiff for the work she performed

## COUNT VI
## BREACH OF CONTRACT
## (Ohio Common Law)

42. Plaintiff hereby reincorporates Paragraphs 1 through 41 of the Complaint as if fully reinstated herein.

43. Plaintiff lent money to Defendant to support its business operations. Plaintiff also spent her personal money on behalf of the Defendant.

44. Defendant agreed to repay Plaintiff for all money Plaintiff spent on behalf of, or loaned to, Defendant.

45. Defendant breached the agreement when it failed to repay Plaintiff for all money owed to her.

46. As a result of Defendant's breach, Plaintiff has been harmed.

## COUNT VII
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## (Ohio Common Law)

47. Plaintiff made complaints to Defendant pertaining to violations of law, including OSHA regulations, regarding workplace safety.

48. Ohio public policy favors workplace safety.

49. Plaintiff's termination was predicated upon these complaints, in violation of Ohio public policy.

50. As a result of Defendant's actions, Plaintiff has been harmed.

WHEREFORE, the Plaintiff respectfully requests that this Court enter judgment in her favor and award her the following relief:

A. All wages and other economic benefits lost as a result of Defendant's unlawful acts;

B. All costs and attorneys' fees incurred in litigating this action;

C. Liquidated damages;

D. All back pay, lost benefits, front pay, reinstatement, and/or other equitable relief;

E. Consequential and compensatory damages in an amount to be determined at trial;

F. Punitive damages from Defendant's willful conduct in an amount to be determined at trial;

G. Pre-judgment and post-judgment interest;

H. Any and all other legal and/or equitable relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ *Cori R Besse*
Cori R. Besse, Trial Attorney (0081447)
Adam V. Sadlowski (0079582)
SADLOWSKI & BESSE L.L.C.
11427 Reed Hartman Highway, Suite 217
Blue Ash, Ohio 45241
Tel: (513) 618-6596
Fax: (513) 618-6442
asadlowski@sb-lawyers.com
cbesse@sb-lawyers.com

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

/s/ *Cori R. Besse*
Cori R. Besse

9