IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| AMY JACKSON, | : | Case No. 1:20-cv-799 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| RELIANCE CONSTRUCTION SERVICES, LLC, *et al.*, | : | |
| Defendants. | : | |

## ORDER DENYING THE PARTIES JOINT MOTION TO FILE SETTLEMENT UNDER SEAL (Doc. 38)

This matter is before the Court on the parties' Joint Motion to File Settlement Under Seal (Doc. 38). Plaintiff Amy Jackson initiated this action on October 9, 2020, alleging, among other things, violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (*See* Doc. 18.) On June 9, 2022, the parties filed a Joint Motion to Approve Settlement (Doc. 36), which this Court denied (Doc. 37). Specifically, this Court found that the parties failed to articulate a real and substantial interest in keeping the Settlement Agreement confidential. (*Id.*) As detailed below, the parties again fail to set forth a compelling reason to seal the Settlement Agreement and sufficiently explain why the request is narrowly tailored. As such, the Motion is **DENIED WITHOUT PREJUDICE.**

The Sixth Circuit has repeatedly cautioned, "only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp. Inc v. Blue Cross Blue Shield*, 825 F.3d 299, 305-06 (6th Cir. 2016); *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 F. App'x. 202,

1

207-08 (6th Cir. 2016). This presumption applies wherever parties to a suit "place material in the court record," including settlement agreements that, like here, require court approval. *Brown & Williamson*, 710 F.2d 1165, 1181 (6th Cir. 1983). "To meet this burden, the party must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). To do so, the party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* (citing *Shane Grp.*, 825 F.3d at 305). This obligation exists even if the parties themselves agree that the filings should be sealed. *See Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 359 (6th Cir. 2016).

Here, the parties' joint motion "falls woefully short of the standards established by the Sixth Circuit." *White v. Wilberforce Univ.*, No. 1:15-cv-1165, 2017 WL 3537233, at * 4 (S.D. Ohio Aug. 17, 2017). The parties seek to file the Settlement Agreement—in its entirety—under seal, arguing that the Settlement Agreement "expressly stipulate[s] that the monies paid to settle the FLSA claims are not subject to confidentiality, but the amounts for the contract and Title VII claims are." (Joint Motion to File Settlement Under Seal, Doc. 38, Pg. ID 301.) The parties explain that the non-FLSA claims must remain confidential in the interest of the parties. (*Id.*) However, the parties do not demonstrate how such an interest is so compelling to outweigh the public's interest in accessing the Settlement Agreement.

Moreover, though the portion relating to the FLSA settlement may not be

2

confidential, the parties nevertheless request that the entire Settlement Agreement be filed under seal. The parties fail to narrowly tailor their request to portions of the Settlement Agreement that meet their identified interest in keeping the document confidential. *See Shane Grp.*, 825 F.3d at 305, 308 ("And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.").

Simply put, the parties have not demonstrated (1) a compelling interest in sealing the Settlement Agreement, (2) that the interest in sealing outweighs the public's interest in accessing the records, and (3) that the request is narrowly tailored. *See Kondash*, 767 F.App'x at 637. Thus, the parties' Joint Motion to File Settlement Under Seal (Doc. 38) is **DENIED WITHOUT PREJUDICE**. The parties may file an amended motion addressing the Court's concerns outlined above.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND