**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| AMY JACKSON, | : | Case No. 1:20-cv-799 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| RELIANCE CONSTRUCTION | : | |
| SERVICES, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (Doc. 49)

This matter is before the Court on Plaintiff's Motion to Enforce Settlement Agreement and to Set Hearing on Motion to Enforce and for Attorney's Fees Cost (Doc. 49). Defendants have not filed a timely reply. *See* S.D. Ohio Civ. R. 7.2(a)(2). Thus, this matter is ripe for review. For the reasons detailed below, Plaintiff's Motion to Enforce Settlement Agreement and to set Hearing on Motion to Enforce and for Attorney's Fees Cost (Doc. 49) is **GRANTED**.

### FACTS

On October 8, 2020, Plaintiff sued Defendants Reliance Construction Services LLC ("Reliance Construction") and David F. Chambers, alleging, among other things, violations of the Fair Labor Standards Act ("FLSA"). (*See* Am. Compl., Doc. 10.) The parties reached a settlement on February 24, 2022 through mediation with Magistrate Judge Stephanie K. Bowman. (*See* 02/24/2022 Minutes of Proceedings.) Thereafter, the

1

parties created a Settlement Agreement—governed by Ohio law—that provided for Plaintiff's voluntary dismissal of the suit in return for a payment by Defendants. (*See* Settlement Agreement, Doc. 45.) On January 24, 2023, this Court approved the parties' Settlement Agreement and Plaintiff's claims against Defendants were dismissed with prejudice. (*See* Order and Opinion, Doc. 46.) Additionally, the Court permitted Defendants' counsel to withdraw as attorneys of record for Defendants. (*See id*; Motions to Withdraw, Docs. 41 & 44.)

On March 15, 2023, Plaintiff filed the present motion, seeking enforcement of the terms of the Settlement Agreement. (*See* Motion to Enforce, Doc. 49.) Under the Settlement Agreement, Defendants had to pay $24,000.00 to Plaintiff within 15 business days after "the Court approve[d] the [Settlement Agreement]." (*Id*. at Pg. ID 369; Settlement Agreement, Doc. 45, Pg. ID 341.) As the Court approved the Settlement Agreement on January 24, 2023, Defendants had to pay Plaintiff by February 8, 2023. (*Id*.; Order and Opinion, Doc. 46.) Defendants failed to do so, and otherwise failed to respond to any communication efforts by Plaintiff. (Motion to Enforce, Doc. 49, Pg. ID 370.)

As Defendants are proceeding *pro se*, this Court stayed briefing on the Motion to Enforce and provided Defendants thirty days to obtain new counsel. (*See* Order and Opinion, Doc. 51.) After that deadline passed, the Court held a telephonic status conference. (*See* 05/02/2023 Minute Entry.) Defendants failed to appear on the call or otherwise communicate their status with the Court. (*Id*.)

## LAW & ANALYSIS

In her motion, Plaintiff makes three requests to the Court. First, Plaintiff requests

that this Court enforce the terms of the Settlement Agreement. (Motion to Enforce, Doc. 49, Pg. ID 375-76.) Second, Plaintiff asks that the Court award attorney's fees incurred in bringing the instant Motion and "any further hearings or briefing that may [be] required to enforce the settlement." (*Id*.) Third, Plaintiff requests that this Court award her interest on the final judgment amount—though Plaintiff does not identify what type of interest she seeks. (*Id*. at Pg. ID 375.) Before the Court may consider Plaintiff's requests, it must first address its authority over Defendant Reliance Construction.

## I. Enforcing Settlement Against Pro Se Corporation

Defendant Reliance Construction is a limited liability corporation that is currently unrepresented. (Am. Compl., Doc. 10, ¶ 2; Order and Opinion, Doc. 46.) Generally, limited liability companies must be represented by counsel to defend a suit. *See Hilton I. Hale & Assocs., LLC v. Gaebler*, No. 2:10-cv-920, 2011 U.S. Dist. LEXIS 8351, at *1-2 (S.D. Ohio Jan. 28, 2011). Part of the justification for this rule is that "requiring separate counsel for a corporation works as an independent safeguard of its interests." *Batac Dev. Corp. v. B & R Consultants, Inc.*, No. 98 Civ. 721, 2000 U.S. Dist. LEXIS 3695, at *2 (S.D.N.Y. Mar. 22, 2000).

At this time, there are no claims pending against Reliance Construction. Indeed, the Complaint has been dismissed with prejudice against all Defendants. (Order and Opinion, Doc. 46.) Prior to that dismissal, Defendant Reliance Construction was represented by counsel throughout the entire lawsuit against it. (*See* Order and Opinion, Doc. 46.) Most importantly, Reliance Construction executed its Settlement Agreement with Plaintiff while represented. (*See* 02/24/2022 Minutes of Proceedings.) The only

3

matter left is the fulfilment of the parties' Settlement Agreement. No suit is left for Reliance Construction to defend, and there no longer exist any concern about the protection of Reliance Construction's interests. Thus, the Court may properly consider whether to enforce the Settlement Agreement against Defendant Reliance Construction. *Cf. Grace v. Rosenstock*, No. 85-cv-2039, 2004 U.S. Dist. LEXIS 29654, at *6 (E.D.N.Y. Sept. 30, 2004)

## II.     On the Motion to Enforce

The Court now turns its attention to the substance of Plaintiff's motion. Again, Plaintiff requests that this Court (1) enforce the Settlement Agreement, (2) impose attorney's fees against Defendants, and (3) award Plaintiff interest on the final judgment. (Motion to Enforce, Doc. 49.) The Court will address each request in turn.

### a.   Enforcing Terms of the Settlement Agreement

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation [] before them." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) (quoting *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976)). To enforce a settlement agreement, "a district court must conclude that agreement has been reached on all material terms." *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645-46 (6th Cir. 2001) (citing *Brock*, 841 F.2d at 154). When disputed facts surround the agreement, an evidentiary hearing is normally required; yet, when there is unambiguous agreement as to material terms, no evidentiary hearing is necessary. *Id.* at 646; *see also Aro Corp.*, 531 F.2d at 1372. Indeed, when "there is no dispute as to the terms of the agreement[,] . . . [s]ummary enforcement of a settlement agreement . . . is the only

4

appropriate judicial response, absent proof of fraud or duress." *RE/MAX Int'l., Inc.*, 271 F.3d at 650 (citations omitted).

Here, the material terms of the settlement are memorialized by the Settlement Agreement. (*See* Settlement Agreement, Doc. 45.) Defendants have raised no dispute over these terms—in fact, they have not communicated at all with the Court since Plaintiff began this post-dismissal motion practice. The Settlement Agreement clearly outlines Defendants' obligation to pay Plaintiff $24,000.00 by February 8, 2023. (*See id.*) To date, Defendants have failed to remit any payment to Plaintiff. (*See* Exhibit A, Doc. 49-1, Pg. ID 377.) Thus, Defendants have breached the plain terms of the Settlement Agreement. As there is no dispute over its terms, the Court must enforce the Settlement Agreement against Defendants for the $24,000.00 owed.

### b. Attorney's Fees

Next, Plaintiff requests that this Court award attorney's fees incurred in preparing the instant motion and in relation to "any further hearings or briefings that may [be] required to enforce" the Settlement Agreement. (Motion to Enforce, Doc. 49, Pg. ID 376.) This Court previously found that further hearings on this motion was unnecessary and instead requested supplemental briefing from Plaintiff of the specific amount of attorney's fees that she believes that she is entitled to. (*See* Amended Order Requesting Supplemental Briefing, Doc. 54; Order Requesting Documentation, Doc. 56.) In response, Plaintiff specifically requested $11,566.65 in attorney's fees. (*See* Supplemental Memos, Doc. 55 & 57.)

In determining whether to impose attorney's fees when enforcing a settlement

agreement, courts look to the laws of the state in which it sits. *See, e.g., Tocci v. Antioch Univ.*, 967 F. Supp. 2d 1176, 1191-94 (S.D. Ohio 2013); *see also Smith v. ABN AMRO Mortg. Grp., Inc.*, 434 F.Appx. 454, 460 (6th Cir. 2011) ("Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law."). The Settlement Agreement is governed by Ohio law under its choice-of-law provisions. (*See* Settlement Agreement, Doc. 45, Pg. ID 344.) Generally, in Ohio, "the law of the state chosen by the parties to a contract will govern their contractual rights and duties." *Ohayon v. Safeco Ins. Co. of Ill.*, 747 N.E.2d 206, 209 (Ohio 2001). Thus, Ohio law must be applied here.

"Ohio has long adhered to the 'American rule' with respect to the recovery of attorney['s] fees: a prevailing party in a civil action may not recover attorney['s] fees as a part of the cost of litigation." *Wilborn v. Bank One Corp.*, 906 N.E.2d 396, 400 (Ohio 2009). There are three, well-established exceptions to the American rule: (1) when a statute creates a duty to pay attorney's fees, (2) when the losing party acted in bad faith, and (3) when the parties contracted to shift the fees. *Id.* But Ohio has "acknowledged a distinction between cases in which attorney['s] fees are awarded as costs and those in which the fees are awarded as part of the aggrieved party's damages." *Id.*

"Ohio law allows a court to award attorney's fees as compensatory damages when a party's breach of the settlement agreement makes litigation necessary, even where none of the exceptions to the American Rule have been shown" and "[n]either party had acted in bad faith." *Rohrer Corp. v. Dane Elec Corp. USA*, 482 F.Appx. 113, 117 (6th Cir. 2012) (based on a review of relevant Ohio caselaw). "Attorney's fees as compensatory damages

6

are available whether a party files a separate breach of contract suit or a motion to enforce settlement before the original trial court." *Wilson v. Prime Source Healthcare of Ohio*, No. 1:16-cv-1298, 2018 U.S. Dist. LEXIS 34445, at *9 (N.D. Ohio Mar. 2, 2018) (citations omitted). When applying this rule, Ohio courts have found that the moving party has a right to recover attorney's fees incurred as a direct result of the non-moving party's breach of the settlement agreement. *See, e.g., Shanker v. Columbus Warehouse P'ship*, No. 96APE09-1269, 1997 Ohio App. LEXIS 1241 (Ohio Ct. App. 1997) (awarding attorney's fees that accrued following the breach of the agreement).

Plaintiff is entitled to attorney's fees related to Defendants' breach of the Settlement Agreement. As discussed above, Defendants breached the Settlement Agreement when they failed to pay Plaintiff. As a result of Defendants' actions, Plaintiff was forced to litigate this motion. Therefore, under Ohio law, Plaintiff is entitled to attorney's fees stemming from Defendants' breach of the Settlement Agreement, so long as they are reasonable.

### i. Lodestar Analysis of Attorney's Fees

Courts use the lodestar method to determine an award of reasonable attorney's fees. *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). The lodestar amount is "a reasonable hourly rate times a reasonable number of hours worked." *Brown v. Halsted Fin. Servs., LLC*, No. 3:12-cv-308, 2013 U.S. Dist. LEXIS 26144, at *6 (S.D. Ohio Feb. 26, 2013) (citing *Imwalle*, 515 F.3d at 551). "The key requirement for an award of attorney's fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high

7

degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Inwalle*, 515 F.3d at 553. "[T]he district court is required to give a clear explanation" for its award calculation. *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004).

### 1. Reasonable Hourly Rate

The Court has broad discretion in determining what constitutes a reasonable hourly rate. *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997). The reasonable hourly rate is generally the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is the rate that lawyers of comparable skill and experience can reasonably expect to command in the venue of the court of record. *Geer v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Courts may also look to other markets, such as a national market, an area of specialization, or any other appropriate market for a prevailing market rate. *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

Plaintiff seeks $400.00 per hour for a partner with nine years of experience in employment litigation. (*See* Christopher Wido Declaration, Doc. 55-1, Pg. ID 392.) Plaintiff's counsel justifies its rates by arguing that they are consistent with other employment lawyers in the area. (Supplemental Memorandum, Doc. 55, Pg. ID 390.) The Court finds Plaintiff's argument persuasive, as other courts in this district have approved similar rates in similar cases. *See, e.g., Ousley v. CG Consulting, LLC*, No. 2:23-cv-01435, 2023 U.S. Dist. LEXIS 86943, at *15 (S.D. Ohio May 16, 2023) (finding that a rate of $400 for an employment attorney with ten years of experience to be reasonable). Accordingly,

the Court finds Plaintiff's counsel's hourly rate to be reasonable.

### 2. Reasonable Number of Hours

When determining the reasonable number of hours worked, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Brown*, 2013 U.S. Dist. LEXIS 26144, at *6 (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)). In addition, "the documentation provided in support of the hours charged must be sufficiently detailed to enable the court to determine, with a high degree of certainty, that such hours were actually and reasonably expended." *Id.* (citing *Bench Billboard Co. v. City of Toledo*, 759 F. Supp. 2d 905, 913 (N.D Ohio 2010)). Where the documentation is inadequate, a court may reduce the award accordingly. *Id.*

Plaintiff's counsel maintains that he billed 25.12 hours in relation to the requested amount of attorney's fees. (*See* Timesheet, Doc. 57-1, Pg. ID 410.)[1] To demonstrate how these hours were allocated, counsel submitted an itemized timesheet of the hours billed. (*See* Timesheet, Doc. 57-1, Pg. ID 410.) The timesheet details actions performed by counsel from March 16, 2022 to May 24, 2023. (*Id.*) Yet, as detailed above, the Court may only award attorney's fees stemming from Defendants' breach of the Settlement Agreement. *See Wilson*, 2018 U.S. Dist. LEXIS 3444. Put another way, the Court may only award Plaintiff attorney's fees for those hours expended by her counsel after the date of

---

[1] Though Plaintiff's counsel's timesheet states that counsel exhausted 28.02 hours, a review of the timesheet shows that there was a miscalculation of the actual hours expended. (*See* Timesheet, Doc. 57-1, Pg. ID 410.) The timesheet does not properly convert the minutes expended to a portion of an hour. (*See id.*) Based on the Court's review, counsel billed 25.12 hours.

9

Defendants' breach. *See Shanker*, 1997 Ohio App. LEXIS 1241. Upon a review of the timesheet, the number of hours Plaintiff's counsel spent subsequent to February 8, 2023 is 8.27. (*See* Timesheet, Doc. 57-1, Pg. ID 410.)

A reasonable attorney would believe that 8.27 hours needed to be reasonably expended in pursuit of the enforcement of the parties' Settlement Agreement. Additionally, the documentation provided in support of the hours expended is detailed enough to support a conclusion that these hours were actually and reasonably expended. (*See* Timesheet, Doc. 57-1, Pg. ID 410.) Accordingly, the 8.27 hours expended by Plaintiff's counsel after Defendants' breach are reasonable.

### 3. Ultimate Lodestar Amount

The lodestar method results in a finding that the rates sought by Plaintiff's counsel and hours expended are reasonable. Counsel allocated 8.27 hours at $400 per hour in pursuit of the enforcement of the Settlement Agreement. Accordingly, an award of $3,308.00 to Plaintiff for attorney's fees is warranted.

### c. Interest

Finally, Plaintiff requests that the Court "award her [] statutory interest" on the final judgment amount. (Motion to Enforce, Doc. 49, Pg. ID 376.) Plaintiff does not specify whether she is requesting pre- and/or postjudgment interest. So, the Court will broadly construe Plaintiff's request as one for both.

### i. Prejudgment Interest

Courts in the Sixth Circuit have permitted the recovery of prejudgment interest for a party's breach of a settlement agreement. *See, e.g., Wilson*, 2018 U.S. Dist. LEXIS 34445,

at *9 (citations omitted); *Chao v. Am. Nat'l Fleet Servs, Inc.*, No. 1:08-cv-65, 2008 U.S. Dist. LEXIS 51244, at *3 (N.D. Ohio July 3, 2008) (both awarding prejudgment interest on a motion to enforce settlement resulting from delinquent payment). Again, "[b]ecause settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law." *Smith*, 434 F.Appx. at 460. In Ohio, a prevailing party is entitled to receive prejudgment interest for a breach of contract action. Ohio Rev. Code § 1343.03(A). The Court must determine how much interest is due by deciding "when interest commences to run, based on when the claim became due and payable, and as to what legal rate of interest applies." *Johncol, Inc. v. Cardinal Concessions Servs., L.L.C.*, 101 N.E.3d 1014, 1024 (Ohio Ct. App. 2017).

"In actions for breach of contract, [Ohio Revised Code §] 1343.03(A) requires that interest begins to run from the date the debt was due and payable unless otherwise provided in the contractual agreement." *MRC Innovations, Inc. v. Lion Apparel, Inc.*, 152 N.E.3d 513, 526 (Ohio Ct. App. 2020). Defendants' payment became due on February 8, 2023. (*See* Settlement Agreement, Doc. 45, Pg. ID 341; Order and Opinion, Doc. 46.) Thus, an award of prejudgment interest from February 8, 2023 to the date of this Order is appropriate.

"The amount of prejudgment interest is calculated at a rate per annum pursuant to Ohio Revised Code § 5703.47, unless a written contract provides a different rate of interest." *Reynolds & Reynolds Co. v. Westlie Motors, Inc.*, No. 1:21-cv-223, 2023 U.S. Dist. LEXIS 21007, at *9-10 (S.D. Ohio Feb. 7 2023) (citing Ohio Rev. Code §1343.03(A)). Because there is no agreement between the parties as to the suitable rate of interest, Ohio Revised

11

Code § 5703.47 controls. *See id.* (applying statutory standard to breach of contract case). Under its terms, the appropriate rate is a simple interest of 5% per year. *See Annual Certified Interest Rates,* Ohio Dep't of Taxation, https://tax.ohio.gov/researcher/interest-rates/interest-rates.

Thus, Plaintiff is entitled to a prejudgment interest award of 5% per year from February 8, 2023—the date of Defendant's breach of the Settlement Agreement—to the date of this Order. Plaintiff shall calculate the amount of prejudgment interest that has accrued, to be presented to the Court in a proposed judgment entry.

### ii. Postjudgment Interest

Next, the Court will consider Plaintiff's request as it applies to postjudgment interest. "28 U.S.C. § 1961(a) requires postjudgment interest to be paid on money awarded by district courts in civil actions." *CAPSA Sols., LLC v. Concord Healthcare Grp., LLC,* No. 2:18-cv-594, 2019 U.S. Dist. LEXIS 172714, at *7 (S.D. Ohio Oct. 4, 2019) (citations omitted). "The district court has no discretion to deny postjudgment interest, as it is mandatory." *Id.* (citing *Caffey v. UNUM Life Ins. Co.,* 302 F.3d 576, 586 (6th Cir. 2002)). 28 U.S.C. § 1961(a) provides that "such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." "Further, the Sixth Circuit has recognized that postjudgment interest should be awarded on the entire amount of the judgment, to include the prejudgment interest element of the damages award, as well as any later awarded attorney['s] fees or costs." *Phelps v. Siemens Ling-Term Disability Plan,*

12

No. 3:04-cv-68, 2007 U.S. Dist. LEXIS 70714, at *60 (S.D. Ohio Sept. 24, 2007) (citing *Caffey*, 302 F.3d at 586, 596). Plaintiff is thus entitled to postjudgment interest at the applicable statutory rate from the date of this Order until the Order is satisfied.

*    *    *

Thus, in enforcing the Settlement Agreement, Defendants are ordered to pay $24,000.00 to Plaintiff, as well as pre- and postjudgment interest on that amount. Additionally, Plaintiff is awarded $3,308.00 in attorney's fees against Defendants, as well as postjudgment interest on that amount. Plaintiff shall provide the Court with a proposed judgment entry reflecting the amount of prejudgment interest that it is entitled to. The prejudgment interest shall run at a rate of 5% per year from February 8, 2023 to the date of this Order.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

a. Plaintiff's Motion to Enforce Settlement Agreement and to Set Hearing on Motion to Enforce and for Attorney's Fees Cost (Doc. 49) is **GRANTED**;

b. Defendants are **ORDERED** to pay to Plaintiff (1) the full settlement amount of $24,000.00; (2) $3,308.00 in attorney's fees incurred in relation to this motion; (3) prejudgment interest in an amount to be determined by Plaintiff; and (4) postjudgment interest at the applicable statutory rate commencing on the date of this Order;

c. Within fourteen (14) days from the date of this Order, Plaintiff **SHALL FILE** a proposed judgment entry reflecting the amount of prejudgment interest

13

that has accrued from February 8, 2023 to the date of this Order; and

d. Defendants' failure comply with this Order will result in civil contempt
   sanctions, including fines and/or imprisonment. Should Defendants fail to
   comply with this Order within a reasonable time, Plaintiff may move to
   hold the offending parties in contempt and seek appropriate sanctions.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND